REBECCA N. BRAGG *vs.* JOSEPH C. WHITE.

Penobscot, January.—March 5, 1877.

*Demurrer. Pleading.*

A general demurrer to the declaration in a writ of entry will not be sustained for uncertainty of description, unless the declaration is so defective that the court can perceive that it fails to describe any premises whatsoever.

A reference to the registry of deeds in the declaration is immaterial, when the description of the premises to be recovered is sufficient without such reference.

ON EXCEPTIONS.

DEMURRER to a declaration in a writ of entry in which the demanded premises are described as follows: "A certain parcel or lot of land with the buildings thereon, situated in said Bangor, on the easterly side Ohio street, being the former homestead of said Carleton S. Bragg," with a further statement of its being a part of the premises conveyed to certain parties and recorded in the registry with various references to the books and pages of the registry, and the further statement that they were the same premises conveyed by mortgage of a given date by the defendant to the plaintiff.

The presiding justice overruled the demurrer, which was general; and the defendant alleged exceptions.

*L. Barker, T. W. Vose & L. A. Barker,* for the defendant.

The demandant's declaration is bad.

I. There is no sufficient description of the demanded premises in the writ and declaration; the reference in the same "to all said deeds to be had for a more full description of said premises, is an admission that there is an insufficient description to be found therein." *Miller* v. *Miller,* 16 Pick. 215. *Atwood* v. *Atwood,* 22 Pick. 283.

II. The declaration alleges no disseizin by the defendant.

*F. A. Wilson & C. F. Woodard,* for the plaintiff.

The description in the declaration is sufficient, and reference to a record or deeds can do no harm. *Willey* v. *Nichols,* 59 Maine, 253.

The principle of the cases cited by defendant's counsel is, at most, this : that "when lands are demanded, the description of them must be so certain that seizin may be delivered by the sheriff without reference to any description *dehors* the writ." Our court in *Willey* v. *Nichols, supra,* say : "This is true only in a limited sense. Neither a parcel of land nor a person can be so described as to preclude inquiry."

The true test is : "Can a reasonably intelligent officer find and deliver seizin of the premises without going to the county records for aid." *Willey* v. *Nichols.*

The description is certainly as good as, and we claim even better than, that sustained by this court in *Willey* v. *Nichols,* and by the court of Massachusetts in *Riley* v. *Smith,* 9 Allen, 370, and in *Silloway* v. *Hale,* 8 Allen, 61. See also *Proprietors of Kennebec Purchase* v. *Lowell,* 2 Maine, 149.

In *Chase* v. *McLellan,* 49 Maine, 375, this court said : "The description should be such that those entitled to redeem should know with reasonable certainty what premises are intended."

In this case the party defending is the mortgageor himself, the description of which he complains is the very same description of the premises furnished by him to the plaintiff in his mortgage deed ; so that the premises are intelligently described to him.

*Reply.* The point decided in *Proprietors of Ken. Purchase* v. *Lowell,* is that the general issue admitted possession by the tenant (page 154) ; he should have demurred. 2 Maine, 149. *Willey* v. *Nichols,* 59 Maine, 253, is not applicable. There is just difference enough between *Chase* v. *McLellan,* 49 Maine, 375, and this case to make the illustration complete.

"Now occupied," "being the former homestead of said Carleton S. Bragg." To illustrate.—A certain lot or parcel of land, &c., situate in Stetson on the easterly side of Main street, being the former homestead of Lewis Barker. As matter of fact Lewis Barker has had four former homesteads in Stetson on the easterly side of Main street. *Non constat* but Carleton S. Bragg has had two or more homesteads on the easterly side of Ohio street. Which shall the officer deliver seizin of ? Inquiry would not avail him. If the adjective "late" instead of "former" had been used, *possibly* it might have been sufficient.

APPLETON, C. J. This is a writ of entry to which the tenant has demurred. The demurrer was overruled and the declaration adjudged good, to which ruling the tenant has filed exceptions.

The demandant claims to recover "the possession of a certain lot or parcel of land with the buildings thereon, situated in said Bangor, on the easterly side of Ohio street, being the former homestead of Carleton S. Bragg, and being part of the premises conveyed by said Carleton S. Bragg to the Bangor Savings Bank, by deed dated July 14, 1869, and recorded in Penobscot registry of deeds, book 391, p. 32 ; and is the part first described in said deed, and being the same premises conveyed by said Bank to the said Rebecca N. Bragg by deed dated October 5, 1870, and recorded in book 412, page 443 of said registry, and the same conveyed to said White by said Rebecca N. Bragg, by deed dated June 5, 1872," &c.

Eliminating the references to the registry of deeds, the description is sufficient. The town in which, and the street, and the side of the street on which the lot of land in controversy is situated, are clearly stated. It is further described as "the former homestead of said Carleton S. Bragg," of which "the demandant ought now to be in quiet possession," but into which "the said White hath since unjustly entered, and holds the plaintiff out."

The objection taken is, that the description is not sufficiently definite, that the officer could not find the premises, and that the declaration should be so clear, that the officer need not be obliged to consult the records. But if there was no reference to the records, we cannot say that the description is so fatally defective that the officer could not deliver seizin. *Riley* v. *Smith,* 9 Allen, 370. The "former homestead of Carleton S. Bragg," with a description of the street, and the side of the street, gives as much description as is necessary. If the pleader had given monuments and distances, the officer must find the monuments at his peril, as here he must find "the former homestead of Bragg;" which the officer could find with as much readiness as he could stake and stones. No indefiniteness as to the former homestead appears ; for nothing discloses that Bragg had but one ; and the court cannot, as the counsel for the tenant have done, presume without

evidence ; that he had an indefinite number of former residences, thereby to render the writ defective for its indefiniteness.

"The property sued for may be described as a 'tract of land containing so many acres,' or 'so many acres of land,' or 'a certain messuage,' called by a particular name, by which it is known, or with the abuttals." Stearns on Real Actions, 151. Here, the homestead of Bragg is one part of the description, to which more is added to prevent mistakes.

After all, the demurrer seems rather for, and on account of the officer, rather than of the tenant. But the tenant is not the protecting guardian of the officer. If the officer cannot find the land, it will be the misfortune of the demandant, not of the tenant. If he can find it, then the declaration is sufficient. *Silloway* v. *Hale*, 8 Allen, 61.

Whatever the description may be, however precise and definite, the officer must find the land to which it applies—the messuage, if it be one ; the monuments of the lot ; the homestead ; and if he errs, he becomes a trespasser. But inquiry will enable him to solve the difficulty as readily in the present case, as in any other. The land is in possession of the tenant ; it is the former homestead of Bragg, situated on the east side of Ohio street, in Bangor. If the officer fails to find it, the tenant will receive no harm. We apprehend the fear is, that he may find it. *Willey* v. *Nichols*, 59 Maine, 253. *The Proprietors of Kennebec Purchase* v. *Lowell*, 2 Maine, 149.

The allegation of disseisin is sufficient. Oliver's Precedents, 628.                    *Exceptions overruled.*
                              *Judgment for the demandant.*

DICKERSON, BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.